IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEYARA FLEECE, on behalf
of herself and all others
similarly situated,

    Plaintiff,

v.                            Civil Action No. 3:19cv396

HCA VIRGINIA HEALTH
SYSTEM d/b/a HCA VIRGINIA
HEALTH SYSTEM, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 62). Having considered the motion, the supporting, opposing, and reply memoranda, and for the reasons set forth below, the DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 62) will be granted.

**BACKGROUND**

Keyara Fleece brings this class action against HCA Health Services of Virginia, Inc. and HCA Health Services of Virginia, Inc. d/b/a Henrico Doctors' Hospital (collectively referred as the "Defendants") alleging that the Defendants engaged in an unfair, deceptive and lawful practice "of charging its emergency care patients a substantial undisclosed and effectively concealed

facility fee for visiting one of the Defendants' emergency rooms." That fee is referred generally throughout the AMENDED COMPLAINT (ECF No. 57) ("Amended Complaint") as the "Surcharge" and the Court will do the same in this Memorandum Opinion. The allegation is that the Surcharge is added to, and included in, the billing for individual items of treatment and services provided at the Defendants' emergency rooms. It is alleged that the Surcharge is not disclosed and is effectively concealed, at least before providing treatment and requesting payment therefor. According to the Amended Complaint, the Surcharge, "if disclosed in advance of such charges being triggered, would be a substantial factor in an emergency care patient's decision to remain at the hospital or seek less costly treatment services elsewhere."

Fleece alleges that the Defendants used an emergency room admissions agreement that all emergency room care patients were required to sign it. Fleece also alleges that the contract:

> failed to disclose, or even mention, the substantial Surcharge, that the Defendants intended to charge each emergency room patient on top of the individual charges for specific items of treatment/services.

Amended Complaint, ECF. 57, ¶ 12. The Amended Complaint contends that the circumstances faced by the named plaintiff, Fleece, is typical of those confronting the class.

According to the Amended Complaint, on November 24, 2018, Fleece received emergency treatment at Henrico Doctors' Hospital's

2

emergency facility. There she was provided with, and signed, Defendants' form contract. She was, however, not given a copy of the contract at the time of signing or upon discharge.[1] While at the hospital, Fleece received no notice or warning in any way that the Defendants intended to add a substantial Surcharge to her bill.

When Fleece was discharged on November 24, 2018, she was asked to make a good faith payment because she did not have insurance. The Defendants' employee suggested $100.00, but Fleece did not have that much money, but she agreed to make a payment of $50.00 with a debit card which the Defendants' employee accepted.

The total amount billed for the treatment and services provided to Fleece was $2,286.00 which included a Surcharge of $1,664.00 for a facility charge.

Henrico Doctors' Hospital followed up the initial bill by advising Fleece that her account balance was $2,236.00, but, on February 5, 2019, the Defendants' "reduced Plaintiff's account balance by eighty-nine percent (89%) applying what is called an insured discount." Thus, the amount actually owed by Fleece was $201.46. When Fleece did not pay that amount, the Defendants' referred the case to MediCredit, Inc., a debt collector.

---

[1] It is alleged that it is standard practice of the Defendants to require emergency care patients to sign the contract but not give a copy of the contract at the time of signing or upon discharge.

3

The Amended Complaint alleges one cause of action seeking a declaratory judgment that:

> Defendants' Contract does not authorize the billing of a Surcharge to emergency care parties; that Defendants' Contract does not contain a promise by emergency care patients to pay the Surcharge described herein; that Defendants' practice of billing emergency care patients an undisclosed and effectively concealed Emergency Department facility fee, in addition to the charges for the specific services and treatments provided, is an unconscionable billing practice; and that the Contract provision which Defendants contend authorizes such fee does not, in fact, authorize such fee and/or is unenforceable.

Amended Complaint, p. 11, ¶ 47. The Amended Complaint also seeks a declaration that the "Defendants have a single 'duty to disclose' to emergency room patients their intention to charge them a Surcharge prior to providing treatment triggering the Surcharge." Amended Complaint, p. 11, ¶ 18.

The cited reasons for the existence of the duty (the Amended Complaint uses the word "because") are as follows:

(1) the substantial nature of the Surcharge,

(2) the relationship between Defendants and their emergency room patients,

(3) the hidden nature of Defendants' Surcharges,

(4) the general lack of knowledge of emergency room patients as to Defendants [sic] intention to bill them a Surcharge,

4

>    (5)   the lack of reasonable opportunity for an emergency room patient to find out about Defendants' Surcharge,
>
>    (6)   Defendants knowledge that most emergency care patients are completely unaware of Defendants [sic] intention to add a substantial Surcharge to their bill, and
>
>    (7)   the fact that knowledge of Defendants' Surcharge, in advance of treatment/services being rendered, would be a material factor in a reasonable patient's decision to remain at Defendants' emergency room facility or seek less costly treatment/services elsewhere.

Amended Complaint, ¶ 48.

The Amended Complaint seeks neither monetary damages nor restitution but does ask for injunctive relief to "prohibit Defendants from continuing to bill Surcharges without full and proper disclosure to emergency room patients in advance of such Surcharges being triggered, and from pursuing existing collection activity for such Surcharges billed previously." Amended Complaint, ¶ 50.

### STANDARD FOR ASSESSING MOTIONS MADE PURSUANT TO FED. R. CIV. P. 12(b)(6)

"A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief." Chapman v. Clarendon Nat'l Ins., 299 F. Supp. 2d 559, 562 (E.D. Va. 2004). When

5

considering Fed. R. Civ. P. 12(b)(6) motions to dismiss, courts "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim is plausible on its face, if a plaintiff can demonstrate more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). However, courts do not "accept as true a legal conclusion couched as a factual allegation." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (quoting United States v. Triple Canopy, Inc., 775 F.3d 628, 632 n.1 (4th Cir. 2015)) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Courts deciding motions to dismiss may consider "documents that are explicitly incorporated into the complaint by reference." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). They also "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the

complaint and authentic." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (quoting Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012)) (internal quotation marks omitted). When ruling on a motion to dismiss, courts will not consider documents if their authenticity is in dispute. See Hintz v. Experian Info. Sols., Inc., No. 3:10-cv-535, 2010 WL 4025061, at *3 (E.D. Va. Oct. 13, 2010) ("Because [the email's] authenticity is disputed, the Court will not consider the e-mail . . . in ruling on [the defendant's] motion."). In rare cases, if the plaintiff disputes the authenticity of a document that contains information that may be dispositive if it is accurate, a court may take the defendant's motion to dismiss "under advisement" and allow the plaintiff to "conduct limited discovery with regard to the nature and origin of the documents attached by [the defendant]." Hall v. Standard Ins., No. 7:04-cv-285, 2005 WL 348266, at *3 (W.D. Va. Feb. 10, 2005).

## ANALYSIS

The parties seem to be in agreement that a duty to disclose arises out of Virginia law under three circumstances: (a) the existence of a fiduciary duty; (b) the existence of an independent legal duty; or (c) the existence of a statutory duty.[2] W. Capital

---

[2] MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, (ECF No. 63, p. 8); PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'

7

Partners LLC v. Allegiance Title & Escrow, Inc., 520 F. Supp.2d 777, 782 (E.D. Va. 2007). As a result of the briefing, there is no contention that the case involves a fiduciary relationship that creates the duty alleged in the Amended Complaint. See PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 68, pp. 8-9). Nor is there any contention that there is a statute that creates the duty to disclose on which the Amended Complaint fastens its claim for liability.

Thus, the question is whether the independent circumstances create an independent duty. The plaintiff's principal contention is based on the Supreme Court of Virginia's decision in Van Deusen v. Snead, 247 Va. 324 (1994). In particular, the plaintiff relies on the following quotation from Van Deusen:

> [C]oncealment of a material fact by <u>one who knows that the other party is acting upon the assumption that the fact does not exist</u> constitutes actionable <u>fraud</u> . . . . concealment always involves deliberate nondisclosure designed to prevent another from learning the truth. A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud . . . If a party conceals a fact that is material to the transaction, knowing the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were

---

RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 68, pp. 8-9).

> expressly denied, or the reverse of it expressly stated.

Id. at 328 (emphasis added). The quotation cited in Van Deusen is from Allen Realty Corp. v. Holbert, 227 Va. 441, 450 (1984). Also cited for the same position is Spence v. Griffin, 236 Va. 21, 28 (1988) and the Restatement 2d of Contracts § 160 (1979). In like fashion, Fleece cites Bank of Montreal v. Signet Bank, 193 F.3d 818 (4th Cir. 1999), wherein the Fourth Circuit held that "a duty [to disclose] may arise . . . if the fact is material and the one concealing has superior knowledge and knows the other is acting upon the assumption that the fact does not exist . . . ." Id. at 834 (emphasis added). Bringing the line of decisions up to date, the plaintiff cites In re Lumber Liquidators Chinese-0Manufactured Flooring Prods. Mktg., Sales Practices & Prods. Liab. Litig., No. 1:15md2627, 2017 U.S. Dist. LEXIS 95806, at *89 (E.D. Va. June 20, 2017) and Wheeler v. Bishop, 2008 U.S. Dist. LEXIS 1238, at *7-8 (W.D. Va. Jan. 8, 2008) and the Restatement 2d of Torts § 551(2)(e). All of those authorities mirror Van Deusen, Allen Realty, and Bank of Montreal.

In summarizing the argument based on these cases, the plaintiff asserts that "Defendants have full knowledge of its intention to levy a hefty Surcharge on unexpecting emergency room patients, and therefore, had a clear and undeniable duty to disclose such charges to patients in advance of providing treatment

9

triggering such Surcharges pursuant to both Virginia common law and VCPA." ECF No. 68, p. 14. Notably absent from this summary of their theory of duty (as well as from the Amended Complaint) is any allegation or assertion that the Defendants knew that Fleece was acting on the assumption that the nondisclosed fact did not exist. That, is the linchpin of the duty found in the cases upon which the plaintiff relies. And, absent such an allegation, the Amended Complaint does not state an actionable duty.

The plaintiff has been afforded an opportunity already to amend and has not successfully a claim and therefore the claim must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 62) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 10, 2020

10